*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0352**

State of Minnesota,
Respondent,

vs.

Gregory Lawrence Gerads,
Appellant.

**Filed November 2, 2015
Affirmed
Ross, Judge**

Stearns County District Court
File No. 73-VB-14-8933

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Matthew A. Staehling, St. Cloud City Attorney, St. Cloud, Minnesota (for respondent)

Gregory Lawrence Gerads, Holdingford, Minnesota (pro se appellant)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Police ticketed Gregory Gerads for driving around a barricade. The state certified the offense as a petty misdemeanor, and the district court found Gerads guilty after a bench trial. Gerads appeals, arguing that his conviction should be overturned because the

offense was improperly certified as a petty misdemeanor; the officer who issued the ticket was absent at trial; the fine imposed was excessive; and his conviction is a miscarriage of justice. Because we find these arguments unconvincing, we affirm.

## FACTS

Sartell Police Officer Nicholas Smith ticketed Gregory Gerads in September 2014 for driving around a barricade that blocked public access to a construction site. Gerads signed an agreement consenting to the certification of the offense as a petty misdemeanor. A week before trial a prosecutor mailed Gerads a witness list that included Officer Smith. Three days later a prosecutor mailed him an amended list replacing Officer Smith with Officer Timothy Broda, who was supervising Officer Smith and witnessed Smith issue the ticket.

Gerads represented himself at the bench trial. He argued that the offense was improperly certified as a petty misdemeanor, denying him his right to a jury trial. The district court rejected the argument. Broda was the only witness to testify at trial. Gerads objected to Officer Smith's absence, and the district court judge explained that neither the court nor Gerads could determine how the state tried its case. After hearing Officer Broda's testimony, the district court found Gerads guilty and imposed a $127 fine. Gerads argued unsuccessfully that the fine was excessive. This appeal follows.

## D E C I S I O N

Gerads argues that his charge under Minnesota Statutes section 160.2715(a)(14) (2014) was improperly certified as a petty misdemeanor and that the improper certification denied him his right to a jury trial. His argument requires us to review the

2

district court's application of criminal procedure rules, which we do de novo. *State v. Martinez-Mendoza*, 804 N.W.2d 1, 6 (Minn. 2011). The state may reclassify a misdemeanor as a petty misdemeanor if—with the defendant's consent and the court's approval—the state certifies that it does not seek incarceration or a fine that exceeds the statutory maximum for a petty misdemeanor. Minn. R. Crim. P. 23.04. The record indicates that Gerads provided his signed, written consent to the certification. No right to a jury trial exists for a certified petty misdemeanor. Minn. R. Crim. P. 23.05, subd. 1. The district court therefore did not err by certifying the offense as a petty misdemeanor or by conducting the bench trial.

Gerads also argues that his conviction should be overturned because Officer Smith did not testify at trial. He does not challenge Officer Broda's testimony and fails to explain how Officer Smith's absence constitutes error. Before trial, a prosecutor sent Gerads an amended witness list indicating he intended to call Officer Broda but not Smith. The record does not indicate that Gerads included Officer Smith on his own witness list or that he attempted to subpoena him. We again see no error.

Gerads maintains next that the district court fined him excessively. Because he does not support this assertion with any citation to legal authority or provide reasoning, we cannot address his argument, which we deem waived. *See State v. Krosch*, 642 N.W.2d 713, 719 (Minn. 2002).

Gerads concludes his cursory brief to this court by stating that his conviction should be overturned because his trial and conviction constitute a "miscarriage of justice." We surmise that he is not making an additional argument with this language but

3

that he is instead merely summarizing his position and his request for relief, as he provides no supporting legal authority. If he is instead intending to present a new argument, it is undeveloped and therefore waived. *See id.*

**Affirmed.**